Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3775 | **DATE** | SEP 18 2000 |
| **CASE TITLE** | Illinois Dist. Council v. Excel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for summary judgment [Doc. 16-1] is GRANTED. Parties shall appear for a status hearing before the court on Monday, October 2, 2000 at 9:30 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | SEP 20 2000 | **Document Number** |
| | Notices mailed by judge's staff. | | number of notices | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| dc(lc) | courtroom deputy's initials | FILED FOR DOCKETING 00 SEP 19 PM 1:46 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ILLINOIS DISTRICT COUNCIL NO. 1 OF )
THE INTERNATIONAL UNION OF )
BRICKLAYERS AND ALLIED )
CRAFTWORKERS, AFL-CIO, )
                                                             )
            Plaintiff, )
                                                           )   No. 99 C 3775
    v. )
                                                             )   HONORABLE DAVID H. COAR
EXCEL CONCRETE, INC., and )
SCARSDALE HOMES, INC., )
                                                             )
            Defendants. )



## MEMORANDUM OPINION AND ORDER

Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO, ("IDC") entered into a collective bargaining agreement ("CBA") with defendant Excel Concrete, Inc. ("Excel"). A local affiliate of the IDC filed a grievance against Excel and Scarsdale Homes, Inc. ("Scarsdale") (collectively, "defendants"). Pursuant to the CBA, the dispute was submitted to a Joint Arbitration Board ("JAB"), which issued an award in favor of the plaintiff and against the defendants. The defendants failed to comply with the award. In this action, the IDC seeks judicial enforcement of the arbitration award. Before this court is the IDC's motion for summary judgment. For the reasons discussed below, summary judgment is granted.

## I. Factual Background

The following facts are undisputed. The IDC is a "labor organization" and the defendants are "employers" within the meaning of the Labor-Management Relations Act, 29 U.S.C. § 152(5), (2). The IDC and Excel were parties to a collective bargaining agreement which delineated a grievance and arbitration process. Article XII of the CBA requires, as the initial step of the grievance mechanism, presentation of disputes before a Joint Arbitration Board.

The IDC grieved the defendants' alleged failure to comply with various provisions of the CBA. On May 15, 1997, a hearing was held before the contractual JAB. Representatives of Excel and the local affiliate of the IDC were present.[1] The JAB concluded that a finding of contractual violations was premature. Accordingly, the defendants were directed to submit to an audit, subsequent to which the IDC affiliate was permitted to renew its grievance. Copies of the JAB's initial written decision were served on the defendants on June 10, 1997.

On November 7, the JAB reconvened to consider additional evidence and issue a final decision At some point thereafter, the JAB issued a written award, copies of which the IDC served upon the defendants by letter dated January 28, 1998. The JAB awarded damages to the IDC and found the defendants jointly liable. The defendants have refused to comply with the award. On June 7, 1999, the IDC brought the instant action under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The IDC seeks enforcement of the arbitration award.

---

[1] No representatives appeared on behalf of Scarsdale.

In response to the IDC's motion for summary judgment, the defendants argue that the JAB award is void for untimeliness. In support of their argument, defendants cite to Article XII of the CBA, which provides:

> Section 12.2   A decision [of the JAB] shall require a majority vote and any such decision shall be binding on both parties. If no ruling is rendered by the Joint Arbitration Board within 72 hours of the time the dispute was first referred to it, the Joint Arbitration Board shall be deemed to have failed to reach a decision unless the parties to the dispute agree to an extension of time.
>
> Section 12.3   In the event that a dispute has been referred to the Joint Arbitration Board and is either refused by the Board or no decision is reached by the Board within the time limits described above, either party may submit the dispute to binding arbitration.

Prior to the issuance of the JAB decision, the defendants raised no objections to the JAB's failure to render a prompt decision. The defendants also did not move to vacate the arbitration award on timeliness or other grounds.

## II. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Cox v. Acme Health Serv., Inc., 55 F.3d 1304, 1308 (7th Cir. 1995). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); Eiland v. Trinity Hosp., 150 F.3d 747, 750 (7th Cir. 1998).

The movant bears the burden of establishing that there exists no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the movant meets this burden, the non-movant must set forth specific facts that demonstrate the existence of a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511. Weighing evidence, determining credibility, and drawing reasonable inferences are jury functions, not those of a judge deciding a motion for summary judgment. See Anderson, 477 U.S. at 255, 106 S. Ct. at 2515.

### III. Analysis

The IDC brings this suit to seek judicial enforcement of the JAB award. The defendants, on the other hand, attack the validity of the JAB decision. Citing the 72 hour deadline imposed by the CBA, the defendants argue that the delay with which the award was issued renders it unenforceable. Because of the defendants' failure to raise this issue within the applicable statute of limitations, however, the court declines to review the merits of the defendants' objection.

Instead, the court finds that the defendants are precluded from challenging the enforcement of the award.

It is well settled that a party's ability to challenge an arbitration ward is circumscribed by a statute of limitations. See International Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc., 831 F.2d 1309, 1311 (7th Cir. 1987). Accordingly, "those challenges in the nature of grounds to vacate the award may not be asserted as defenses to a subsequent enforcement action" upon the expiration of the limitation period. Id. The limitation period is intended to "enhance the speed and effectiveness of arbitration, to provide fair review of the arbitrator's decision, and to preclude the losing party from dragging out proceedings in order to dilute the integrity of the arbitration award." Teamsters Local No. 579 v. B & M Transit, Inc., 882 F.2d 274, 277 (7th Cir. 1989).

The plaintiff's enforcement action is brought under section 301of the LMRA. Although the LMRA does not articulate a statute of limitations for actions seeking a vacation of arbitration awards, the act adopts the limitation period set forth in the appropriate state statute. See Plumbers' Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc., 778 F.2d 1266, 1268 (7th Cir. 1985). The 90 day limitation prescribed by the Illinois Arbitration Act, 710 ILCS 5/12(b), governs the defendants' challenge.[2] See Dreis & Krump Mfg. Co. v. Int'l Assoc. of Machinists and Aerospace Workers, District No. 8, 802 F.2d 247, 249 (7th Cir. 1986).

---

[2] Although the Illinois Arbitration Act contains language excluding collective bargaining agreements from its scope, the Seventh Circuit has deemed the 90 day period prescribed in that act applicable to motions to vacate arbitration awards. See Sullivan v. Lemoncello, 36 F.3d 676, 681-82 (7th Cir. 1994) (stating that the court has "squarely held" that the 90 day period limits actions challenging arbitration awards in Illinois); Centor, 831 F.2d at 1311-12 (discussing the applicability of the 90 day period).

In response to the plaintiff's enforcement action, defendants assert that pursuant to Article XII, Section 12.2, the JAB's delayed written decision is rendered null and void. As such, defendants' argument goes, there is no award to enforce. Although defendants raise this issue in response to the IDC's summary judgment motion, they failed to lodge this attack within 90 days of the receipt of the award.[3] Defendants should have raised the timeliness issue in an action to vacate the award, and their failure to do so within the limitations period precludes them from raising such contentions at this juncture. See, e.g., Sullivan v. Gilchrist, 87 F.3d 867, 871 (7th Cir. 1996) (dismissing defendant's arguments at enforcement stage because the "only avenue for [nullification of award] is a timely suit to vacate"); Sullivan v. Lemoncello, 36 F.3d 676, 681 (7th Cir. 1994) (concluding that employer could not challenge multiemployer benefit fund's action to enforce arbitration award where employer failed to seek timely vacation of award); B & M Transit, 882 F.2d at 278 (prohibiting defendant from raising jurisdiction defense); Association of Flight Attendants v. Republic Airlines, Inc., 797 F.2d 354, 355 (7th Cir. 1986) (holding that "failure to move to vacate an arbitration award within the applicable limitations period bar[s] it from raising flaws in the award as affirmative defenses to the plaintiff's suit to enforce the award"); Domas, 778 F.2d at 1268 (barring defendant from challenging enforcement of arbitration award on jurisdictional grounds where defendant failed to seek vacation of the award within 90 days).

---

[3] This is true whether the date November 7, 1997 (the date of the final hearing) or January 28, 1998 (the date upon which defendants were served with the JAB's written award) is referenced as the date of the issuance of the final JAB decision.

Under the common law rule, statutes of limitations do not run against pure defenses. See Republic, 797 F.2d at 355. The defendants' argument, however, is not a "pure defense" as contemplated by the common law. See Chauffeurs, Teamsters, Warehousemen and Helpers, Local No. 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1027 (7th Cir. 1980), cert. denied, 449 U.S. 1125, 101 S. Ct. 942, 67 L. Ed. 2d 111 (1981) (observing that "an action to enforce an arbitration award is a creature of statute and was unknown at common law"). In attacking the jurisdictional basis for the JAB's decision, defendants effectively seek to vacate the arbitration award; that is, the defendants seek affirmative relief. See Republic, 797 F.2d at 355. Therefore, defendants' challenge to the validity of the award is subject to a limitations period. See Centor, 831 F.2d at 1311 (noting that the relief sought by defendants was "to nullify the award [but] [u]nder our cases, the only avenue available for such relief is a timely suit to vacate").

Rather then addressing the applicability of the limitations period in their reply brief, the defendants completely ignore the issue. Instead, they insist that the arbitration award is unenforceable by virtue of its tardy issuance. Some of the cases cited by defendants purportedly establish the invalidity of the JAB decision. See, e.g., Jones v. St. Louis-San Francisco Railway, Co., 728 F.2d 257 (6th Cir. 1984) (holding that award issued outside reasonable time limit is void); Huntington Alloys, Inc. v. United Steel Workers of America, 623 F.2d 335 (4th Cir. 1980) (finding unenforceable an arbitration decision that was not timely delivered where agreement provided that untimely decision would be rendered nonbinding and party objected to the delay). In the cases cited by the defendants, the courts had before them motions to vacate arbitration awards. See Jones, 728 F.2d at 259 (request to set aside arbitration award); Huntington, 623 F.2d at 337 (seeking declaratory judgment adjudicating award void). No statute of limitation

problems were presented. Hence the courts were able to address the substance of the challenger's claims.

Unlike the plaintiffs in Jones and Huntington, the defendants failed to initiate a motion to vacate in a timely manner. The defendants also have failed to tender a reason why they could not have objected to the award within the 90 day window. Thus, the operation of the statute of limitations precludes this court from reaching the question of the validity of the award. See International Union of Operating Engineers, Local 150, AFL-CIO v. Rabine, 161 F.3d 427, 432 (7th Cir. 1998) (where party resorts to a "newly alleged and collaterally raised [defense of] failure of arbitral jurisdiction, a federal court will ignore the defense and enforce the judgment of the arbitrator").

In a scheduling conference held before this court, the court directed the parties to limit discovery to the threshold issue of whether the JAB failed to issue its award within the time period required by the CBA, and if so, whether such a failure would render the award unenforceable. The plaintiff's brief states that the instant motion is limited to the threshold issue, and the plaintiff urges the court to permit discovery to proceed onto the merits of the case. However, it is unclear why further discovery is necessary, for this ruling establishes that the defendants forfeited their right to challenge the enforcement of the award.[4] See Gilchrist, 87

---

[4] In addition to the timeliness issue, Scarsdale contends that the plaintiff has not established its liability under the JAB decision. Defendants note that Scarsdale was not a party to the CBA, nor did it agree in any way to the JAB process. Yet these arguments too should have been brought in an action to vacate the award. The JAB's decision clearly encompasses Excel and Scarsdale and both will be subject to liability in light of both defendants' failure to challenge the enforcement of the award in a timely manner. See Gilchrist, 87 F.3d at 871 (binding defendant to 90 day limitations period where he argued that arbitral decision holding him liable for unpaid contributions invalid because he was not obligated to make such

-8-

F.3d at 871 ("But we need not even analyze the terms of the collective bargaining agreement, for it is undisputed that [the defendant] did nothing to challenge the arbitration award within 90 days of receiving it"); Lemoncello, 36 F.3d at 682 (noting that disposition of limitations issue renders unnecessary judicial review of arbitration award); Domas, 778 F.2d at 1267-68 (declining to rule on arguments advanced by company urging the reversal of district court's enforcement of arbitration award where company failed to seek vacation of award within 90 day period). By separate order, this matter will be set for status to determine whether further proceedings are necessary.

## IV. Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment is granted.

**Enter:**

_David H. Coar_

**David H. Coar**

**United States District Judge**

Dated: SEP 18 2000

---

contributions).